Louis L. Friedman, J.
The defendant Greenpoint Terminal Warehouse, Inc., moves for several different forms of relief, to wit, a severance of this action so that plaintiff will be obliged *335 to proceed against said moving defendant without the necessity of waiting until the individual defendant has been served with process herein; a direction that plaintiff serve a separate amended complaint alleging a separate cause of action as against each of the named defendants; and in addition, for the appointment of a receiver pending the trial of this action.
The situation presented by the papers before the court is rather an unusual one. The plaintiff is the wife of the individual defendant, and during the time when the parties were living together, plaintiff became possessed of a one-half interest in the real property which is the subject of this action. She received said interest by way of gift from her father. She alleges that upon the urging of her husband, who is a member of the Bar, she conveyed to him a one-half interest in her share, which in effect means that he became the owner of a one-quarter interest in the parcel of land in question. She alleges further that such conveyance was made without consideration, and was solely to avoid the threats which had been made against her by her said husband, that he would leave her in her then pregnant condition and would, in addition thereto, commence proceedings to secure custody of another child who had theretofore been born to the parties. Plaintiff states that she made said conveyance upon the express understanding with her husband that he would hold the said one-quarter interest in the premises in trust for her, and would reconvey the same to her if he, the “ said defendant at any time thereafter would leave or abandon plaintiff.” She alleges further that she never intended to make an absolute conveyance but that the said conveyance, as heretofore stated, was coupled with a condition subsequent, to wit, that there would be a reconveyance if defendant left her. She alleges further that her husband did so leave her in January of 1957, that he has since disappeared, and that she has ascertained that at or about the time of the abandonment, he conveyed his one-quarter interest in the real estate to the moving defendant, Greenpoint Terminal Warehouse, Inc., receiving as consideration therefor the sum of $60,000. She further states that since the time when she became the original owner of the one-half interest, she has become the owner of the remaining one-half interest in the real estate, so that for all practical purposes she is now the owner of a three-quarter interest in the property, while her husband was, and the corporate defendant is now through him, the owner of a one-quarter interest therein.
*336 It appears from the papers that while this action to set aside the deed and to compel a reconveyance, is addressed to both defendants, only the corporate defendant has been served because the husband has disappeared and his whereabouts are presently unknown.
The moving papers and the opposing affidavits set forth the claims of both parties. The answering affidavit submitted by the plaintiff in opposition to the motion to sever and for the appointment of a receiver, sets forth sufficient to indicate, prima facie at least, that the husband would be entitled to very little consideration from this court if the facts claimed in said opposing affidavit are true. The corporate defendant, however, contends that it is a bona fide purchaser for value and it alleges that it is entitled to have its one-quarter interest in the property protected. While it is a fact that had the corporate defendant merely made inquiry of the plaintiff herein with respect to her three-quarter interest in the property, said corporate defendant would have, before it purchased the one-quarter interest, become aware of all of the alleged infirmities in the deed made to said corporation, there is no requirement of law which indicates that such corporation was obliged to do so. It may very well be that the husband may have induced said corporate defendant to accept a deed to the one-quarter interest and may even have advised them that he was having difficulty with his wife and that he did not want her to become aware of the fact that he was transferring his interest. Such a dispute between husband and wife would not in and of itself give rise to any infirmity in the title which the husband held to a one-quarter interest in said real property, and since there was nothing in the deed to the husband which indicates that any such infirmity exists, or that there was any condition subsequent attached to the delivery thereof, it may not be said that the corporate defendant acted illegally. Perhaps it did not act wisely, but that is not tantamount to saying that it did not act within its rights under the law.
The court feels, however, that this is a matter which should be tried only when all of the parties are before the court. Plaintiff should be given every opportunity to secure jurisdiction of her husband and if the pleading cannot be served upon bim personally, the law provides other methods and means of service. Plaintiff should not be compelled to try her case separately as against each of the defendants, and accordingly, the motion to sever will be at this time denied.
*337 A more serious problem arises, however, with respect to that portion of the motion wherein the moving defendant asks for the appointment of a receiver. The property is a valuable one and it appears that the one-quarter interest of the defendant, if it is actually entitled thereto, may be destroyed in value if some means is not taken to preserve the assets and income of the real estate in question until such time as the equities between the parties are finally determined. Particularly is this so, since it may be a long time before the plaintiff acquires jurisdiction of the individual defendant. Accordingly, the court grants the motion insofar as it seeks the appointment of a receiver.
Settle order on notice.